IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | Case No. BK 25-41293 |
| | ) | |
| BENJAMIN and BRITTANY THOMPSON | ) ) ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |

**Order Denying Motion for Turnover, Release of Garnishment and Request for Sanctions**

THIS MATTER is before the court on the motion filed by the debtors for turnover and sanctions. Jessie C. Polson appeared for the debtors Benjamin and Brittany Thompson. David J. Skalka appeared for the creditor Communication Federal Credit Union.

In their motion the debtors seek turnover of a pre-petition garnishment of $1,021.48 and a post-petition garnishment of $1,352.34. They also seek release of the garnishment and sanctions under 11 U.S.C. § 362(k). Half of the requested relief is moot. The creditor returned all post-petition garnished funds relatively promptly under the circumstances. The garnishment expired by its own terms before the hearing occurred.

The request for turnover of the pre-petition garnishment under 11 U.S.C. § 542 is denied. The court cannot grant turnover of pre-petition wages garnished pre-petition. The garnishment must be avoided through an adversary proceeding. *See* 11 U.S.C. § 547 (providing for preference avoidance); Fed. R. Bankr. P. 7001 (listing adversary proceedings including recovery of money); *Jackson v. K.A.S. Enter. (In re Jackson)*, 260 B.R. 473, 477–78 (Bankr. E.D. Mo. 2001). The pre-petition garnishment is not subject to turnover because the payment is not yet avoided.

The debtors' request for sanctions under 11 U.S.C. § 362(k) is also denied. Under § 362(k), "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages". "The standard for a willful violation of the automatic stay under § 362(k) is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation." *Cox v. Andrews (In re Andrews)*, 467 B.R. 173, 189 (Bankr. E.D. Ark. 2011) (quoting *Fleet Mortg. Group, Inc. v.*

*Kaneb (In re Kaneb)*, 196 F.3d 265, 269 (1st Cir. 1999)). "A willful violation does not require a finding of specific intent." *Carter v. First Nat'l Bank of Crossett (In re Carter)*, 502 B.R. 333, 336 (B.A.P. 8th Cir. 2013) (quoting A*ssociated Credit Servs. v. Campion (In re Campion)*, 294 B.R. 313, 316 (B.A.P. 9th Cir. 2003)).

The debtors assert sanctions are warranted because the creditor did not release the garnishment. "[C]reditors have an affirmative duty to cease collection efforts immediately upon commencement of a bankruptcy case." *In re Valentine*, 611 B.R. 622, 635 (Bankr. E.D. Mo. 2020) (citing *Knaus v. Concordia Lumber Co. (In re Knaus)*, 889 F.2d 773, 775 (8th Cir. 1989)).[1] A garnishment release was not necessary as a matter of state law because the garnishment was already invalidated. As a result, the failure to file a release did not violate the automatic stay. After the first garnishment, successive garnishments continued because the state court entered an order granting a continuing lien. The continuing lien was automatically extinguished by the automatic bankruptcy stay:

> (3) A continuing lien ordered pursuant to this section shall be invalid and shall have no force and effect upon the occurrence of any of the following:
>
> ….
>
> (c) The judgment creditor releases the garnishment; [or]
>
> (d) The proceedings are stayed by a court of competent jurisdiction, including the United States Bankruptcy Court.

Neb. Rev. Stat. § 25-1056. The debtors notified the state court of the stay by promptly filing a suggestion of bankruptcy.

Under the plain terms of the statute, a release of garnishment and the suggestion of bankruptcy are equally effective to invalidate or release a garnishment as a matter of state law. When the debtors' counsel filed the suggestion, the state district court and the state district court clerk were on

---

[1] The parties urged the court to parse the language of § 362 to determine whether the creditor committed an 'act' involving property of the estate or whether it had a duty to act to prevent enforcement of a judgment. Parsing is unnecessary on this record. *See, e.g., City of Chicago, Illinois v. Fulton*, 592 U.S. 154 (2021) (finding no stay violation under 11 U.S.C. § 362(a)(3) because mere retention of estate property does not constitute an act to exercise control).

notice 1) the bankruptcy was filed, and 2) the garnishment was released. From the creditor's standpoint, no further action to release the lien was legally required.

The debtors assert state courts, or perhaps court clerks, refuse to stop processing garnishments until the creditor files a release, even if a suggestion is filed. If true, the issue is the clerk, not the creditor. The automatic stay is applicable to all "entities," including the clerk. *See* 11 U.S.C. § 362(a). Amongst other things, the bankruptcy stay prohibits the continuation of "the issuance or employment of process," enforcement of judgments, obtaining "possession of property of the estate," and enforcement of "any lien against property of the estate." *See id.*

Factually, the record does not establish a groundswell of cooperation, which is disappointing given the potential impact on the debtors. Instead, "What we've got here is – failure to communicate." *Cool Hand Luke* (Jalem Productions 1967); *see also In re Burival*, 2009 WL 917045, at *2 (Bankr. D. Neb. Mar. 26, 2009). It appears the garnishment continued not because the creditor refused to file a release, but because *no one informed the debtor's employer to stop withholding wages*, not even the debtors' counsel. Could future garnishments have been stopped with an e-mail to the employer with a copy of the notice of bankruptcy, the language of 11 U.S.C. § 362, and the language of Neb. Rev. Stat. § 25-1056? Unfortunately, we will never know.

Instead of trying to notify the employer or contact the clerk, the debtors' counsel's office e-mailed the creditor's counsel stating both bankruptcy and a suggestion in bankruptcy were filed. It also had a list of demands. The demands included the creditor return un-avoided garnished funds under 11 U.S.C. § 542 and file a release of the garnishment. Creditor's counsel declined.[2] He responded:

---

[2] Creditor's counsel's actual response was, "If your clients' case is dismissed then the garnishment should proceed. Our client is not obligated to spend attorney's fees to prepare and file a release." The first sentence does not comport with Neb. Rev. Stat. § 25-1056. The statute is clear, upon the imposition of the automatic bankruptcy stay, the continuing lien is not stayed. It is "invalid and shall have no force and effect." Even if the position is incorrect, it does not change the outcome of this case. The second sentence has support. *See In re Williams-Nobles*, 459 B.R. 242, 246 (Bankr. E.D. Va. 2011) ("[C]ompliance with the automatic stay does not mandate that counsel for the judgment creditor undertake the legal work necessary to prepare the dismissal order in every instance.").

> We have done nothing to enforce the garnishment thereafter. If for some reason the court sends us funds post-filing they will not be forwarded to our client and we can discuss where to send them.

In a subsequent response, debtors' counsel's office provided a string of legal authority, only some of which supported the demands. The response concluded with the threat of sanctions.

The debtors' counsel's office did not state their experience state court clerks do not comply with the law. It did not suggest the employer would not comply with the law. It made no effort to contact the employer. For his part, creditor's counsel appears to have been willing to discuss the matter with the employer. Indeed, creditor's counsel represented during the hearing, after he became aware of the second garnishment he spoke with the employer and informed the employer further garnishments must stop.

The burden to comply with the automatic stay or to release a garnishment is not completely on the debtors. A creditor has a duty to cease collection efforts. But this record reflects failure to communicate, not a willful violation of the automatic stay.

IT IS THEREFORE ORDERED, the debtors' motion is denied.

Dated: March 10, 2025

BY THE COURT

/s/ Brian S. Kruse
Brian S. Kruse
Bankruptcy Judge